UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| K.P., *a minor, by and through his next friend David Kelchner*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) )   No. 2:23-CV-24 RLW |
| MACON COUNTY R-1 SCHOOL DISTRICT, et al. | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendants Macon County R-1 School District (the "District"), Donny Wyatt, and Aislynn McCollum (collectively the "District Defendants"). (ECF No. 36). Also before the Court is Defendant B.F.'s Motion to Dismiss pursuant Rule 12(b)(1). (ECF No. 26). Plaintiff opposes these two motions, which are ripe for review. Defendants Cynthia Basler, Brent Hodge, and Jeff Jones also filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 52). Plaintiff did not respond to the Motion but rather filed a Motion to Dismiss these three defendants without prejudice. (EFC No. 54). For the reasons that follow, the Court grants the District Defendants' and Defendants Cynthia Basler, Brent Hodge, and Jeff Jones's Motions to Dismiss. The Court denies as moot Plaintiff's Motion to Dismiss. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and, therefore, denies as moot Defendant B.F.'s Motion to Dismiss.

### I.   Procedural Background

This case arises out of two physical attacks that took place during the 2022-2023 school year at Macon High School and Macon High School Career Business School. Plaintiff alleges that

on two separate occasions he was attacked by other students while he was on school property, and during one of the attacks, he was unlawfully filmed by another student without his consent. Plaintiff further alleges that teachers who were present during both incidents failed to intervene and stop or prevent the attacks.  Plaintiff maintains the District is liable because it has failed to implement and enforce policies and practices to protect students from being assaulted by other students or to prevent them from being filmed without consent.

Plaintiff filed suit on May 5, 2023, against the District, Donny Wyatt, President of the District's Board of Educators, Brent Hodge, former District Superintendent, Jeff Jones, former Principal of Macon High School, Cynthia Basler, former Macon Area Career Technical Education Center Director, Aislynn McCollum, a teacher at Macon High School, and John Doe, a substitute teacher (collectively the "School Defendants").  Plaintiff brings claims against the individual School Defendants in their official capacities only.  Plaintiff also brings claims against three minors, B.F., H.W., and J.B., who are all students,

Plaintiff alleges the following eleven (11) counts in his Complaint:  Three counts of "Unconstitutional custom, practice, policy under 42 U.S.C. §1983," against the District and Defendants Wyatt, Hodge, Jones, and Basler (Counts I, II, III); "Failure to train or supervise leading to violation of the Fourth and Fourteenth Amendment rights," against Defendants Jones, Hodge, and Basler (Count IV); "State-created danger leading to violation of Fourth and Fourteenth Amendment rights," against Defendants John Doe, McCollum, Jones, Brent Hodge, and Basler (Count V); "Unconstitutional custom, practice, policy under 42 U.S.C. §1983," against Defendant John Doe (Count VI); "Unconstitutional custom, practice, policy under 42 U.S.C. §1983," against Defendant McCollum (Count VII); Negligent infliction of emotional distress, against Defendant B.F. (Count VIII); Negligent infliction of emotional distress, against Defendant H.W. (Count IX);

2

Negligent infliction of emotional distress, against Defendant J.B. (Count X); and Negligence per se, against Defendant J.B. (Count XI).[1]

In their Motion to Dismiss, the District Defendants move to dismiss Counts I-IV on the grounds that the District cannot be held liable for actions of private actors, including those of students, and that Plaintiff fails to allege violations of an established constitutional right. The District Defendants also argue that claims against Defendants Wyatt and McCollum in their official capacities – the only capacities in which they were sued – should be dismissed as redundant to the claims against the District.

In responding to the Motion, Plaintiff concedes he fails to state of claim in Count V and moves to dismiss this count. (ECF No. 38 at 7). Plaintiff further concedes that his official capacity claims against the individual School Defendants are redundant to claims against the District, and he moves to dismiss the claims against the individual School Defendants where the District is also named as a defendant in the count. As for counts where dismissing the individual School Defendant(s) would leave no other defendant, for example Count VII, Plaintiff asks that the District be substituted as the named defendant.

In their Motion, Defendants Hodge, Jones, and Basler moved to dismiss all the claims against them. They state they are former employees of the District and have been sued in their official capacities only. They argue claims against them are redundant to the claims against the

---

[1] In the headings of Counts I, II, III, Plaintiff names the following individuals: Bill Noyes, Billy Anderson, Carrie Bergfield, Steve Burns, Kevin Linear, and Chris Nelson. These six individuals do not appear in the Complaint's caption and are not named in the section of the Complaint titled "Parties." There are no factual allegations against these six individuals in the Complaint, and they were never served with summons and the Complaint. The Court concludes these six individuals are not defendants in this suit. Furthermore, Plaintiff names "Jim Jones" in the heading of Count V. Jim Jones is not mentioned anywhere else in the Complaint, and the Court presumes this is a typographical error, and Plaintiff intended to name Defendant Jeff Jones in Count V.

District and, therefore, should be dismissed.  Plaintiff did not oppose this Motion and instead filed a motion to dismiss these three defendants without prejudice.

In his Motion, Defendant B.F. moves to dismiss the one state law claim against him.  He argues the Court lacks subject matter jurisdiction because the claim against him does not stem from the same common nucleus of operative facts as the federal claims against the School Defendants.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted).  The facts alleged must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported

4

by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id.

### III.    Factual Allegations

The following facts are alleged in Plaintiff's Complaint:

K.P. attended Macon High School as a freshman during the 2022-23 school year. On October 14, 2022, he was in a locker room preparing to go to PE class when he was approached by a group of students, including Defendant B.F. One of the students in the group punched K.P. in the face. A substitute teacher employed by the District, Defendant John Doe, was in the locker room at the time. He saw the entire incident and did not intervene. At some point in time, Defendant Jeff Jones became aware of this incident.

On February 1, 2023, K.P. was attending classes at the Macon High School Career Business Center. As class was beginning, Defendant J.B. and another student approached K.P. Defendant McCollum, a teacher, saw the two students approaching K.P. and left the classroom. Defendant J.B. punched K.P. in the face and knocked him out of his chair. Defendant J.B. continued to punch K.P. in the head and face, while K.P. lay on the floor. The other student took K.P.'s shoes. Defendant McCollum did not attempt to stop Defendant J.B. or the other student. She also did not inform the school's administration or call the resource officer.

Defendant H.W., also a student, filmed the assault on her cellphone. The filming was in violation of Macon High School's policy. Defendant H.W. also posted the video on Snapchat and encouraged other students to share the video.

K.P.'s guardian, David Kelchner, withdrew K.P. from Macon High School, because he believed nothing was being done to protect K.P. Mr. Kelchner reached out to Defendant Hodge to inquire what would be done to protect K.P. when he returned to school. Defendant Hodge responded that he did not believe anything needed to be done to protect K.P. Defendant Hodge

also indicated that he did not believe the students who carried out the assault needed to be disciplined.  Defendant J.P. was not disciplined for assaulting K.P., and K.P. has not returned to classes at Macon High School due to Mr. Kelchner's concerns regarding K.P.'s safety.

On February 14, 2023, the District placed Defendants Hodge, Jones, and Basler on administrative leave, and they since have resigned from their positions with the District.

### IV.     Discussion

#### A.     Official Capacity Claims

The District Defendants move to dismiss Plaintiff's civil rights claims brought against Defendants Wyatt and McCollum, employees of the District who are sued in their official capacities.  Defendants Basler, Hodge, and Jones also move to dismiss the civil rights claims asserted against them.  These individuals, former employees of the District, are also sued in their official capacities.

A suit against a government official in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent." Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007) (citing Monell v. Dep't of Soc. Servs. of City of NY, 436 U.S. 658, 690, (1978)).  "[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official." Hafer v. Melo, 502 U.S. 21, 25 (1991); see also Elder-Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").  Because official capacity suits are the equivalent of a suit against the government entity employing the official, the Eighth Circuit has held that a claim against an officer in his or her official capacity is properly dismissed as redundant to claims asserted against the entity itself.  See Banks v. Slay, 875 F.3d 876, 881 (8th Cir. 2017) ("an official-capacity suit is a suit against a government entity"), Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998) (official-capacity claim against public

6

official was correctly dismissed as redundant to claim against official's government entity employer).

Plaintiff's official capacity claims against Defendants Wyatt, McCollum, Basler, Hodge, and Jones are dismissed as redundant to claims against the District.  The Court also dismisses as redundant Plaintiff's claims against Defendant John Doe, who has yet to be identified or served.  Defendant John Doe, who is alleged to have been a substitute teacher employed by the District, is also sued in his official capacity, and as such, claims against him are also redundant to claims against the District.

### B.     Claims Pursuant to 42 U.S.C. § 1983

Plaintiff brings claims against the District pursuant to 42 U.S.C. § 1983.  Section 1983 "does not confer substantive rights" but rather it the mechanism "to vindicate rights conferred by the Constitution or laws of the United States." Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000).  To state a claim under 42 U.S.C. § 1983, Plaintiff must set forth two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

The Complaint alleges the District violated K.P.'s rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.  In Counts I-III, VI, and VII, Plaintiff alleges he had the right under the Due Process Clause of the Fourteenth Amendment "to be protected from policies and procedures that prevent his free and equal access to education."  (ECF No. 1 at 8, 9, 10, 13, and 15).  Plaintiff also alleges he had the right under the Fourth Amendment "to be protected from policies and procedures that cause unreasonable seizures and the use of excessive force."  (Id.)  In Count IV, Plaintiff alleges the Defendants failed to adequately train and supervise, which led to

7

violations under the Fourth and Fourteenth Amendments. [2] (ECF No. 1 at 11). Plaintiff characterizes the harm he allegedly suffered as harm from school policies or procedures, or the lack thereof, as well as harm from inadequate training, all of which he contends violated his rights under the Fourth and Fourteenth Amendments. The Court does not agree with Plaintiff's characterization. The Complaint alleges K.P. was harmed by other students, not by employees or officers of the District.

1. Fourteenth Amendment Due Process Clause

The Due Process Clause of the Fourteenth Amendment provides that: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In his Complaint, Plaintiff asserts the District failed to protect him from other students.

In general, there is no affirmative duty under the Due Process Clause of the Fourteenth Amendment to protect individuals from private actors, such as other students. DeShaney v. Winnebago County Dep't of Soc. Servs, 489 U.S. 189, 193 (1989) ("failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."). Courts have recognized the following two exceptions to this general rule: "(1) in custodial settings, where the state itself has limited the individuals' ability to care for themselves, and (2) when the state is responsible for placing an individual in a position of danger which otherwise would not exist." Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 781 (8th Cir. 2001) (internal citations omitted). Neither of these exceptions applies in this case.

---

[2] The Court need not evaluate Plaintiff's claims in Count V, as Plaintiff concedes he fails to state a claim and moves to dismiss this count.

The Eighth Circuit has held the "custodial" exception does not apply to public schools. In Dorothy J. v. Little Rock School District, which affirmed the dismissal of a due process claim based on a sexual attack committed by another student, the Eighth Circuit wrote the following: "state-mandated school attendance does not entail so restrictive a custodial relationship as to impose upon the State the same duty to protect it owes to prison inmates [ ] or to the involuntarily institutionalized [ ]." 7 F.3d 729, 732 (8th Cir. 1993). In that case, the Eighth Circuit also held that the "state-created danger" exception did not apply to the public school. Id. ("[p]laintiff's general allegation that [the defendants] failed to make sure that [the school] would protect other students from [the attacker]'s known assaultive behavior is the kind of 'traditional tort law' claim that the Supreme Court has refused to translate into a due process deprivation."). See also Shrum ex rel. Kelly, 249 F.3d at 781 ("state-created danger" exception did not apply to claim that alleged a student was sexually abused by a teacher).

Plaintiff argues he states a claim under § 1983 for violations of his due process rights, because he was injured as a direct result of the District's customs, practices, and/or policies or its failure implement and enforce policies and practices. He contends his claims are not based on the conduct of private actors, but rather the District's unconstitutional conduct, because the District had a duty to protect students from attacks by other students. Plaintiff's argument is contrary to the facts and the law.

K.P. was not injured by the District's policies or the lack thereof. Plaintiff alleges he was attacked by students. Under the Fourteenth Amendment, the District did not have a duty to protect K.P. from injuries inflicted by other students. Shrum ex rel. Kelly, 249 F.3d at 781 (under the Fourteenth Amendment, "public schools do not have a duty to protect schoolchildren from private violence"). Plaintiff fails to state a claim against the District under § 1983 for violations of the Due Process Clause of the Fourteenth Amendment.

2. Fourth Amendment – searches and seizures

Plaintiff also asserts his rights under the Fourth Amendment have been violated. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. The Fourteenth Amendment extends this constitutional guarantee to searches and seizures by state officers, including those by public school officials. Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 652 (1995); Doe ex rel. Doe v. Little Rock Sch. Dist., 380 F.3d 349, 352 (8th Cir. 2004). "Though the Fourth Amendment protects students in public schools, 'those rights are different in public schools than elsewhere.' In fact, 'students have a lesser expectation of privacy than members of the population generally.'" L.G. through M.G. v. Columbia Pub. Sch., 990 F.3d 1145, 1148 (8th Cir. 2021) (quoting Burlison v. Springfield Pub. Sch., 708 F.3d 1034, 1039 (8th Cir. 2013)).

The Complaint does not allege employees or officials of the District seized K.P.'s person or property or subjected him to a search. Plaintiff alleges Defendant H.W., a student, filmed him without his consent, and that he was assaulted by Defendant J.B. and other students. Setting aside the issues of whether the filming constituted a search or the assaults amounted to seizures, Plaintiff's claims under the Fourth Amendment fail because the alleged conduct was committed by students, not District employees or officials. The Fourth Amendment only applies to governmental action. United States v. Jacobsen, 466 U.S. 109, 113 (1984). The Fourth Amendment does not protect against invasive conduct by private individuals. United States v. Stevenson, 727 F.3d 826, 829 (8th Cir. 2013) ("The Fourth Amendment applies only to state action, so it does not constrain private parties unless they act as agents or instruments of the government.") Plaintiff fails to state a claim against the District under § 1983 for violations of the Fourth Amendment.

In sum, the Court dismisses Plaintiff's claims in Counts I-IV, and VI-VII for failure to state claims pursuant to 42 U.S.C. § 1983 under the Fourth and Fourteenth Amendments.  Plaintiff fails to allege a violation of the rights secured by these Amendments.  The Court also dismisses Count V, as Plaintiff concedes he fails to state a claim in Count V.

### C. Defendant B.F.'s Motion to Dismiss

Defendant B.F. moves to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), the one state law claim Plaintiff is asserting against him.  Defendant B.F. argues the Court lacks supplemental jurisdiction over the state law claim under 28 U.S.C. § 1337(a), because Plaintiff's claim for negligent infliction of emotional distress does not share a common nucleus of operative facts with Plaintiff's federal claims.  Defendant B.F. asserts he was not part of any decision making regarding the District's policies and procedures and claims he "is merely a student that happens to attend the same school the Plaintiff attended."  (ECF No. 27).

No federal claims remain in this case.  It is within the discretionary authority of this Court to decline to exercise supplemental jurisdiction over state law claims once the Court has dismissed "all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); see Hillesheim v. Holiday Stationstores, Inc., 903 F.3d 786, 792–93 (8th Cir. 2018); see generally Brown v. Mortg. Elec. Registration Sys., Inc., 738 F.3d 926, 933 (8th Cir. 2013).  Therefore, the Court declines to exercise supplemental jurisdiction over all remaining claims in this case and dismisses them without prejudice.  See § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed).

In sum, the Court dismisses without prejudice Plaintiff's state law claims against Defendants B.F., H.W., and J.B. in Counts VIII-XI, and denies Defendant B.F.'s Motion to Dismiss as moot.

11

### V. Conclusion

For the reasons set out above, Plaintiff's claims against Defendants Wyatt, McCollum, Basler, Hodge, Jones, and Doe, who are sued in their official capacities only, are dismissed as redundant to Plaintiff's claims against the District. The Court further dismisses Plaintiff's § 1983 claims in Counts I-IV, VI, and VII, as Plaintiff fails to allege a violation of rights secured by either the Fourth or Fourteenth Amendment. The Court also dismisses Plaintiff's claims in Count V, as Plaintiff concedes he fails to state a claim in this count. Finally, having dismissed all of Plaintiff's claims that arise under federal law, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendants B.F., H.W., and J.B. in Counts VIII-XI. The Court dismisses these Defendants without prejudice.

Accordingly

**IT IS HEREBY ORDERED** that Defendants Macon County R-1 School District, Donny Wyatt, and Aislynn McCollum's and Defendants Cynthia Basler, Brent Hodge, and Jeff Jones's Motions to Dismiss are **GRANTED.** [ECF Nos. 36 and 52].

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Donny Wyatt, Aislynn McCollum, Cynthia Basler, Brent Hodge, Jeff Jones, and John Doe, who are sued in their official capacities, are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Macon County R-1 School District are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law tort claims against Defendants B.F., H.W., and J.B. in Counts VIII-XI, and these claims are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Defendants Brent Hodge, Jeff Jones, and Cynthia Basler; Plaintiff's Motion to Appoint Guardian Ad Litem for

Defendant H.W.; and Defendant B.F.'s Motion to Dismiss are **DENIED as moot.**  [ECF Nos. 26, 54, and 55].

An Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   9th   day of January 2024.